UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CYNTHIA J. CLAY,
    An individual,
    PLAINTIFF,
v.

JAMES CAMERON,
    An individual;
TWENTIETH CENTURY FOX FILM CORPORATION,
    A Delaware corporation;
DUNE ENTERTAINMENT III, LLC,
    A Delaware Limited Liability Company,

COMPLAINT
for Copyright Infringement, Vicarious Infringement, Contributory Infringement,
Unjust Enrichment (Quantum Meruit)

DEMAND FOR JURY TRIAL.

---

COMES NOW, the Plaintiff, CYNTHIA J. CLAY, by and through undersigned counsel, and states:

**PARTIES, JURISDICTION AND VENUE.**

1. This is an action for copyright infringement arising out of the Defendants willful and deliberate copying, dissemination, and exploitation of elements of the Plaintiff's novel, "*Zollocco: A Novel of Another Universe*," in connection with

the highly successful motion picture "*Avatar*," (the "Infringing Work.") and for other state causes of action in connection with that unlawful activity.

2. Plaintiff, CYNTHIA J. CLAY, is an was at all times material to this action a citizen of the United States and a resident of the State of Florida, County of Miami-Dade.

3. Defendant JAMES CAMERON is and was at all times material to this action a citizen of the United States and a resident of the State of California upon belief.

4. The Defendant TWENTIETH CENTURY FOX FILM CORPORATION is and was at all times material to this action a Delaware Corporation with its principal place of business in Los Angeles, California.

5. The Defendant DUNE ENTERTAINMENT III, LLC, is and was at all times material to this action, a Delaware Limited Liability Company with its principal place of business in Los Angeles, California.

6. This action arises under the Copyright Act of 1976 (hereafter "the Copyright Act"), 17 U.S.C.A §§ 101 *et seq*. This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1331, 1338(a), The Defendants deliberately entered into commerce in the State to the detriment of the rights of the Plaintiff, a resident of the Southern District of Florida, and a substantial part of the events giving rise to this cause of action occurred in this District.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION.**

7. The Plaintiff has complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for a copyright registration and making the required deposit as evidenced by the certificate of

registration attached as Exhibit A, which is incorporated as though fully set forth herein.

8. Publication was made in full and strict compliance with the federal copyright act.

9. The work, entitled "*Zollocco: A Novel of Another Universe,*" is impossible due to its length to be attached as an exhibit to the compliant, but will be produced to the Court at all times appropriate to this litigation.

10. Prior to registration, and at least as early as 1990, the Plaintiff circulated the unpublished work, complete in its current form, to various publishers and agents. (see Exhibit B which is attached to this complaint and incorporated as though fully set forth herein). The plaintiff's written work was in wide circulation in the entertainment industry prior to the Defendant Cameron's claimed date of creation.

11. The Defendant CAMERON has publicly stated in a published interview that he created the concept for the motion picture "*Avatar*" in 1995. (see Exhibit C which is attached to this complaint and incorporated as though fully set forth herein).

12. The similarities of each such work are substantial, continuing, and direct so as to rule out ay accidental copying or similarity in scenes or dialog common to the genre. The Infringing Work is so strikingly similar to the plaintiff's work that the Defendant CAMERON must have had access to a copy of the work. The work had been in circulation to publishers and available as an e-book. The following similarities in the two stories about a human learning to live in harmony with

nature and a sentient forest world, coupled with dozens of others, rule out the possibility that the Defendant independently created the Infringing Work[1]:

- "The traffic light changes and Jake pushes forward with the crowd, pumping the wheels of his chair. Most of the people wear FILTER MASKS to protect them from the toxic air." pg. 1, *Avatar*

    Once in a while I will still see someone fall down in a store or in the street gibbering in terror because of the announcement that everyone must wear oxygen masks at all times.."  pg. 97, *Zollocco*

- *"'Forgive me, my brother.'* She cuts its throat, ending the pitiful cries. She touches its head gently, regarding it with sadness. Neytiri wipes the knife and returns it to the sheath at her waist."  Forest girl, killing the viperwolf  pg. 39, *Avatar*

    The knife struck the rabbit squarely in the neck, practically decapitating it. ... Feeling somewhat guilty, I went to the animal and tried to explain to it why I had killed it." pg. 20, *Zollocco*

- "Sky people can not learn. You do not *See." pg.41, Avatar*

    "It is impossible to commune with most humans," pg. 8, *Zollocco*

- You go back." pg. 42, *Avatar*

    "Get back in your can! ... Go back to your own kind!" pg. 8, *Zollocco*

- "he gazes about him in growing wonder. He touches leaves as he passes, watching the bioluminescence shiver through them." pg. 43, *Avatar*

    "Were some of these plants around me beginning to glimmer? A second hoot, a third, a fourth, a fifth, and with each haunting sound strange bulbous shapes glowed brighter and brighter with a marvelous incandescent light." pg. 121, *Zollocco*

- "His alien smell fills my nose" pg. 45*, Avatar*

    *"*Beat it, you smelly old human!" pg. 8, *Zollocco*

---

[1] The quotations from the Infringing Work are drawn from a copy of the screenplay which was posted online but has since been withdrawn. The Plaintiff is in possession of the copy. It is too large to attach as an exhibit but will be provided to the Court at any and all opportunities.

- families nesting in groups on woven hammocks ... Jake lies awake in a hammock ... Neytiri is nearby, curled up like a little girl." pg. 50, Avatar

   "I hung the robe I had brought with me between branches like a hammock. I perched in the soft, warm hammock like a hatchling in its nest." pg. 132, *Zollocco*

- A huge **MOUNTAIN BANSHEE**. Much larger than the forest banshees, this thing is taller than a Na'vi with a 10 meter wingspan. A leathery FWHOOP, like the crack of sails, as it alights" pg. 60, Avatar. "Completing the bank, Neytiri directs the banshee into a close SWOOPING FLYBY"  In the film, the "mountain banshee" looks   exactly like a pterodactyl.

   "Claws seized my hair and yanked me into the air. I screamed. I almost dropped my staff in my fright. The pink pterodactyl bird tightened its hold on my hair with one claw and grabbed with the other my clothes and the straps of my basket." pg. 268-269, *Zollocco*

- The Defendant CAMERON copied the name of the heroine in the Infringing Work   -- Neytiri --directly from the Plaintiff's novel. "As soon as the aroma of the soup filled the air, Mrs. Tarnis's daughter came home. 'Neighteeha, I have a surprise,' called the mother to the daughter." pg. 73, *Zollocco.*

- In a remarkable act of hubris, the Defendant  CAMERON copied the name of the Plaintiff's novel in the film itself. The principal characters of the infringing motion picture *"Avatar"* shouted the name of the plaintiff's novel  "Zollocco" as a war chant in one critical scene of the motion picture – "Zha-lah-coooh."

## FIRST CLAIM FOR RELIEF

**(Copyright Infringement, 17 U.S.C. §§ 101 et seq. – Against All Defendants)**

13. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 12 inclusive, as though fully set forth herein.

14. Plaintiff owns a pre-existing copyright interests in her work "*Zollocco*" as evidenced by the copyright registration.

15. Plaintiff has the exclusive right to prepare derivative works based upon the copyrighted work  pursuant to 17 U.S.C. § 106.

16.  The Defendants' copying, use, modification, reproduction, display and distribution of elements as embodied in the *Avatar* Film, including without limitation, the ideas, expression of concepts, theme, text and plot contained

therein and all derivatives thereof, constitutes a violation of the United States Copyright Act, Title 17 U.S.C. §§ 501(a), 106(2), and all Defendants were acting as infringers within the meaning of 17 U.S.C. § 501(a).

17. By all the Defendants' participation in the production, distribution, use, and exploitation of the *Avatar* Film, Defendants knowingly and willfully infringed, authorized others to infringe, and will continue to infringe Plaintiff's copyright in the *Zollocco* story. As a proximate result of Defendants' copyright infringement, Plaintiff has suffered and will continue to suffer irreparable injury, some of which cannot be compensated in money damages if such wrongful conduct continues.

WHEREFORE, Plaintiff is entitled to and prays for relief as follows:

a. A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

b. A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, copying, distribution and/or exploitation of the infringing material.

c. Recovery from all Defendants of the damages, including pre-judgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

d. Plaintiff is entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505; and

e. For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§ 101 et seq., and/or for which the Court may deem just and proper,

including punitive damages.

## SECOND CLAIM FOR RELIEF.

### (Vicarious Copyright Infringement)
### (As to the Corporate Defendants).

18. Plaintiff repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 12, inclusive as though fully set forth herein.

19. Defendants had the right and ability to control the infringing acts of the individual Defendants or entities who directly infringed Plaintiff's works.

20. Defendants FOX and DUNE ENTERTAINMENT (the "Corporate Defendants") obtained a direct financial benefit from the infringing activities of the individuals or entities who directly infringed Plaintiff's works.

21. The acts and conduct of Defendants, as alleged above in this Complaint constitute vicarious copyright infringement.

WHEREFORE, Plaintiff is entitled to and demands relief as follows:

a. A permanent injunction, pursuant to 17 U.S.C. § 502, enjoining all Defendants, their officers, agents, employees, licensees, assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in such further violations of the Copyright Act;

b. A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the production, copying, distribution and/or exploitation of the infringing material.

c. Recovery from all Defendants of the damages, including pre-judgment interest it sustained and will sustain, and any income, gains, profits, and advantages obtained by Defendants as a result of their wrongful acts alleged hereinabove pursuant to 17 U.S.C. §

504(b), in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

    d. Plaintiff is entitled to their attorney's fees and full costs pursuant to 17 U.S.C. § 505; and

    e. For such other and further relief and remedies available under the Copyright Act, 17 U.S.C. §§ 101 et seq., and/or for which the Court may deem just and proper, including punitive damages.

### THIRD CLAIM FOR RELIEF.
### (Contributory Infringement as against the Corporate Defendants)

22. The Plaintiff restates and reincorporates paragraphs 1 through 12 as though fully set forth herein.

23. Plaintiff CLAY is informed and believes, and on that basis alleges, that CAMERON provided the means by which the Corporate Defendants infringed CLAY's copyright in *Zollocco*. CAMERON provided to the Corporate Defendants the screenplay Avatar with the knowledge that his screenplay was derived from her work *Zollocco* and that the Corporate Defendants did not have the film rights to her book.

24. The Corporate Defendants conduct complained of herein contributed to the copyright infringement.

25. As a direct and proximate result of the Corporate Defendants contributory copyright infringement, CLAY has suffered and will continue to suffer severe injuries and damage, much of which cannot be reasonably or adequately measured or compensated in damages. Such injuries and damage include, but are not limited to, the fact that CLAY has been unfairly deprived of: (1) just compensation for the infringing use of *Zollocco*; (2) the fair opportunity to republish her novel due to the publication of the novelized version of the movie Avatar and (3)

appropriate recognition, including a screen credit, to which she is undeniably entitled. CLAY's exact amount of damages will be proven at trial.

### FOURTH CLAIM FOR RELIEF.
### UNJUST ENRICHMENT
### (As to all Defendants)

26. Plaintiff incorporates by reference paragraphs 1 through 12 inclusive as though fully set forth herein.

27. Defendants have received and obtained substantial gains, advantages, and benefits by appropriating the work of the Plaintiff and passing it off as an original work.

28. It is inequitable and unjust for the defendants to retain those gains, advantages and benefits.

29. As a result of the unjust enrichment of the defendants, plaintiff has incurred damages in an amount to be determined at trial, plus applicable interest, attorney's fees and costs

WHEREFORE the Plaintiff demands judgment of the Defendants, including fees, costs, attorneys fees, and other such relief as may do justice to the parties.

### REQUEST FOR RELIEF.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against the defendants in plaintiff's favor, jointly and severally, as follows:

1. That the Court find that the defendants have infringed on plaintiff's copyright in the work.

2. That defendants, their agents, employees, and all other persons in active concert or privity or in participation with them, be enjoined from directly or indirectly infringing plaintiffs copyright in the work or form continuing to market, offer, sell, dispose of, license, lease, transfer, display, advertise, reproduce, develop or manufacture any works derived, copied, and/or sampled from the work in whatever fashion or to participate or assist in any such activity.

3. That this Court order the defendants, and all other persons in active concert with them or in such privity as has been described above immediately post a notice on the website of each such defendant stating that the prior use of any such work by the Plaintiff was unauthorized and further granting the plaintiff normal and customary Author credit in current and any future uses of the work

4. That this Court order the defendants, their affiliates, their licensees, and any other such parties upon which they exercise control immediately cease and desist from any further reproduction, distribution, transmission or other use of this infringing work in any manner or derivation of any kind.

5. That all gains, profits, losses, and advantages derived by defendants from their acts of infringement and other violations of law be deemed to be held in constructive trust for the benefit of the plaintiff.

6. That judgment be entered for the plaintiff against the defendants for plaintiff's actual damages and for any profits attributed to infringements of

      plaintiff's copyright in the work, pursuant to the Copyright Act of 1976 17 U.S.C.A. §§ 101 et seq.

7. That judgment be entered for plaintiff and against defendants for statutory damages based on defendants acts of infringement, pursuant to the Copyright Act of 1976 17 U.S.C.A. § 101 et seq., and 17 U.S.C.A § 504 (C)(1) and (2).

8. That all gains, profits, and advantages derived by defendants from their acts of infringements and other violations of law be held in constructive trust for the benefit of the plaintiff.

9. That the defendants be required to furnish to the plaintiff a complete and accurate accounting of all profits earned in connection with their use of the work.

10. That the plaintiff have judgment against the defendants for plaintiff's costs, disbursements, and attorney's fees pursuant to the Copyright Act of 1976, 17 U.S.C.A § 101 et seq., and other such relief as the Court deems proper to do justice to the parties.

11. Declarative relief that the Defendants infringed on the Plaintiff's copyright in *Zollocco* and;

12. Preliminary and permanent injunctive relief as to all Defendants, for an order determining that the Corporate Defendants including any agents, subsidiaries, or assigns, be enjoined from distributing or showing the movie *Avatar*, or any novelized version of the screenplay without recognition of the Plaintiff's work as author in an appropriate screen credit.

13. Other such relief as the Court deems proper to do justice to the parties.

DEMAND FOR JURY TRIAL.

The Plaintiff demands trial by jury.

Dated: July 2, 2010

Filed by:
s/William Pena Wells, Esq.
William Pena Wells, Esq.     FBN 759848
Attorney for Plaintiff CYNTHIA J. CLAY
Post Office Box 640911
North Miami Beach, FL 33164-0911
      (305) 898-0243